# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | **:** |
| **v.** | **: Case No. 22-104 (RBW)** |
| **TAVARUS THOMPSON**<br>Defendant | **: Hearing Date: July 22, 2025** |

## MOTION TO WITHDRAW GUILTY PLEA

Mr. Tavarus Thompson, through undersigned counsel, respectfully moves this Court pursuant to Fed. R. Crim. P. 11(d)(2)(B) for permission to withdraw his guilty plea. In support of Mr. Thompson's request, he states the following, through counsel, upon information and belief:

1.  Mr. Thompson was originally before this court charged in seven counts of an eleven count indictment with one count of Conspiracy to Interfere with Interstate Commerce by Robbery, in violation of 18 USC Sec. 1951; one count of Interference with Interstate Commerce by Robbery, in violation of 18 USC Sec. 1951; one count of Using Carrying, Brandishing, and Possessing a Firearm During a Crime of Violence in Violation of 18 USC 924 (c)(1)(A)(ii); one count of Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 USC Sec. 922(g)(1); one count of Unlawful Possession of a Firearm in violation of 22 D.C. Code, Sec. 4503 (a)(1)(2001 ed.); and two counts of Sale or Receipt of Stolen Vehicles, in violation of 18 USC Sec. 2313(a).

2.    A superseding information was filed on March 14, 2024, charging Mr. Thompson

with one count of Conspiracy to Interfere with Interstate Commerce by Robbery

and one count of Using, Carrying, Brandishing and Possessing a Firearm During a

Crime of Violence.

3.    On March 29, 2024, Mr. Thompson waived trial [ECF 189], indictment [190], and

pled guilty to the two-count superseding information [ECF 187]. This court then

scheduled a sentencing hearing in this matter to take place on June 21, 2024.

4.    Less than one month after sentencing, Mr. Thompson's counsel at the time filed

his Motion to Withdraw as Attorney [ECF 193], stating that "Mr. Thompson

expressed his dissatisfaction with counsel's representational activities in this

matter" and that Mr. Thompson's disagreement with his then attorney was,

"irreconcilable" and could not be "satisfactorily repaired". The court denied the

motion to withdraw on April 26, 2024. ECF No. 195.

5.    Subsequently, on May 24, 2024, the Court ordered that the parties appear for a

status hearing on May 31, 2024, for the Court to "inquire whether the defendant is

asking to withdraw his pleas of guilty" "[i]n light of the requests made by the

defendant in his recent letters to the Court" – a reference to ECF Nos. 197, 199,

200, and 202. *See* ECF No. 203.

6.    At the scheduled May 31, 2024, status hearing, the Court set a briefing schedule.

Prior counsel's renewed motion to withdraw and Mr. Thompson's motion to

proceed *pro se* were heard at a hearing that began on July 25, 2024, and

concluded on July 29, 2024. The hearing ultimately resulted in the Court denying

the Motion for Leave to Withdraw by Counsel [ECF No. 206], granting Mr.

Thompson's Motion to Proceed as Pro Se Counsel [ECF No. 210], hearing Mr.

Thompson's oral motion to withdraw his plea of guilty, and ordering that Mr.

Thompson file a formal motion to withdraw his guilty plea [ECF No. 217].

7.    On November 15, 2024, Mr. Thompson filed his formal motion to withdraw his

guilty plea [ECF 231], asserting claims of actual innocence and ineffective

assistance of counsel.[1]

8.    Stand-by counsel of record filed ECF No. 233 – his motion to withdraw as

counsel, on November 22, 2024, which was granted by this Court on December

17, 2024. ECF No. 236.

9.    Undersigned counsel entered his appearance on January 3, 2025.

## I.    Applicable Legal Standard

A motion to withdraw a guilty plea before sentencing is generally regarded more

leniently than post sentencing. While a defendant must demonstrate a need to correct a

manifest injustice post-sentencing, the presentence standard only requires a defendant to

meet a more relaxed "fair and just" standard. Fed. R. Crim. P. 11(d)(2)(B). The decision

to allow the withdrawal of a guilty plea is at the discretion of the court, and the defendant

bears the burden of proving that a fair and just reason exists for the withdrawal of the

plea. *United States v. Jordan*, 759 F.Supp.902 (1991).  When seeking to withdraw a plea

after the court has accepted it, a defendant has the burden to prove valid grounds. *United

States v. Rogers*, 387 F.3d 925, 932 (7th Cir.2004).

---

[1] This pleading is meant to supplement ECF No. 231-1.

The three factors that the court must consider when determining whether a defendant has made the requisite "fair and just" standard, are: "whether the defendant has asserted a viable claim of innocence; (2) whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute the case; and (3) whether the guilty plea was somehow tainted." *United States v. Hanson*, 339 F.3d 983, 988 (D.C.Cir.2003). "The last of these is the most important." *United States v. West*, 392 F.3d 450, 455 (D.C.Cir.2004).

Mr. Thompson submits that after considering all relevant factors the Court must conclude that his request to withdraw his guilty plea meets the applicable "fair and just" standard because he has asserted a viable (or legally cognizable) claim of innocence, there was no delay between the time that the guilty plea was entered and the time that he filed his motion to withdraw that substantially prejudiced the government's ability to prosecute this case, and because he can demonstrate that the guilty plea was tainted.

A.    **Mr. Thompson Can Demonstrate a Legally Cognizable Defense to the Charges Against Him**

At the outset, Mr. Thompson denies criminal culpability. Additionally, Mr. Thompson has articulated his "legally cognizable defense" in the *pro se* pleading that he filed in this matter. Under the fair and just standard, a legally cognizable defense requires Mr. Thompson set forth some facts that, when accepted as true, make out a "legally cognizable" defense to the charges against him. See *Springs v. United States*, 614 A.2d 1 (D.C.1992). By raising the issue of the absence of the presence of his DNA on the .40 caliber firearm that was seemingly the basis of the 924(c) offense and that was tested in this matter, Mr. Thompson has appropriately placed his identity at issue and proffered a

4

"legally cognizable defense" of misidentification for the 924(c) charge to which he pled. ECF 231-1.

Mr. Thompson has maintained that the favorable DNA results produced during discovery would have clearly demonstrated his actual innocence. When held up against the government's speculative theories about why his DNA was not located on the weapon that was recovered at his codefendants home and never found to have been in his possession, it becomes clear that the government's case is circumstantial at best. The only other evidence that the government can point to requires rank speculation about the importance of cell cite data evidence produced during discovery in this case. The fact remains that no eyewitness identified Mr. Thompson as a participant of any of the robberies for which he pled and there has been no direct physical evidence linking him either. When viewed in this context the lack of scientific evidence linking Mr. Thompson to the crimes is actual evidence of innocence when/if applied to a defense theory of misidentification.

### B.     There was no significant delay of time

The next factor that the Court must consider when conducting the fair and just analysis is whether the delay between the guilty plea and the motion to withdraw has substantially prejudiced the government's ability to prosecute its case against Mr. Thompson. *United States v. Robinson*, 498 F.Supp.2d 328 (D.D.C. 2007).

In the instant matter, Mr. Thompson entered his plea of guilty on March 29, 2024. His oral request to withdraw his guilty plea came just over two months later on May 31, 2024, but before the scheduled sentencing date. This two-month passage of time can

hardly be seen as significant and did not prejudice the government's ability to prosecute

its case against Mr. Thompson or prejudice the government in any other way.

**C.**     **The Plea was Constitutionally Infirm Because Mr. Thompson Received Ineffective Assistance of Counsel Prior to Entering His Plea of Guilty**

Whether the guilty plea was somehow tainted is the last, but most important

consideration for the Court's analysis when exercising its discretion to allow presentence

withdrawal of a guilty plea. *Robinson*, 498 F.Supp.2d at 331. Mr. Thompson's assertion

of innocence is directly tied to his claim that his plea was tainted by ineffective assistance

of counsel. The record bears ample evidence of his discomfort, distrust and

dissatisfaction with his counsel's pretrial performance and demonstrates points to the true

motivation for his guilty plea entry. Indeed, his lack of confidence in his trial counsel, not

his lack of innocence, was the impetus for his guilty plea. During the pre-plea period, Mr.

Thompson made known his dissatisfaction with his counsel through numerous complaints

to the Court prior to his guilty plea. The record is replete with his claims on this point.

Mr. Thompson's complaints were repeated during the plea colloquy when he expressly

informed the Court know that he was unsatisfied with the legal representation provided

by his counsel up to that point. *See* Mar. 29, 2024, Plea Tr., 68:2-9.

Finally, in his *pro se* motion filed on November 15, 2014, Mr. Thompson thoroughly

articulated and summarized his claims of ineffective assistance of counsel against trial

counsel. Mr. Thompson will rest on those arguments for the purposes of this pleading.

**WHEREFORE**, Mr. Thompson respectfully requests that the Court exercise its

discretion and allow him to withdraw his guilty plea as this is the result that is demanded

by justice and fairness based on the record before the Court.

6

Respectfully Submitted,

_____/s/_____

Joseph P. Caleb, Esq.
Bar No. 495383
CalebAndonian, PLLC
1100 H St., N.W.
Washington, D.C. 20005
(202) 953-9849
E-mail:  joe@calebandonian.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed via electronic filing, this 28th day of April 2025, and electronically filed on the U.S. Attorney's Office.

/s/

_____
Joseph P. Caleb

7